
FILED
2022 Sep-01  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

# SOUTHERN DIVISION

| | |
|---|---|
| **ERIC HOLLY** | ) |
| Plaintiff. | ) |
| | ) |
| vs. | ) CASE NO: |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| Defendant. | ) |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under the color of federal law. This Court further has subject matter jurisdiction over this

matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et. Seq.*

3. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*, Holly on or about April 9, 2020, presented his claim to the appropriate federal agency (U.S. Air Force) for administrative settlement under the FTCA requesting $300,000.00. By letter dated March 1, 2022, Holly's claim was denied in writing by the Air Force Claims and Tort Litigation Division. (Claim No.: 20-10079)

4. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the letter sent by the federal agency denying the claim.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(C) as the Plaintiff, Holly resides in this judicial district.

## II. PARTIES

6. Plaintiff, Eric Holly, is a citizen of the Northern District of Alabama and brings this lawsuit on behalf of himself.

7. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

**FACTS OF THE CASE**

8. On April 13, 2019, Holly, a Vietnam veteran, was a temporary resident of Fisher House on Keesler Air Force Base in Biloxi, Mississippi after being released from the V.A. Hospital.

9. The Fisher House is a lodging facility for veterans and their families which requires preapproval to reside there which Holly obtained due to multiple upcoming appointments he had scheduled with the V.A. Hospital which was very near Keesler.

10. On the same day, Holly had come on to the base and left multiple times without incident.

11. However, he left the base to get dinner and when he returned was told by a military police officer (MP)[1] who was on guard at the entrance gate that he did not have clearance to re-enter.

12. Holly tried to show the officer the code document to the Fisher House to prove that he was allowed to be on base, but the officer replied that he didn't want to see the document.

13. Holly informed the officer that his personal belongings including his medications were in his room on base.

14. The officer told Holly that he would let him get his belongings with an escort, but he could no longer stay on the base.

15. The escort officer took about 30 minutes to arrive at the gate and the original officer told Holly that his escort had arrived.

16. Until this point, Holly had been standing outside the guard house about 20 feet from his vehicle.

17. When Holly was informed that his escort had arrived, he walked to and got into his vehicle to proceeded to drive further onto the base and he could see the MP escort following him through the rearview mirror.

---

[1] All military police officers referenced in this complaint were acting in the course and scope of their employment with the United States of America.

18. Holly drove a short distance in route to the Fisher House when a barricade suddenly came up and he collided with it.

19. The barricade is deployed manually by an MP pushing a button or flipping a switch.

20. Holly's vehicle was incapacitated, and the airbags deployed.

21. Holly sustained injuries which included multiple broken ribs, a partially collapsed lung, neck and back pain, and an exacerbation of pre-existing psychological issues (which began during his tours in Vietnam).

22. Holly was not trespassing on the base and had a legal right to be there.

23. The MP's had a duty to safely operate the barricade system as to not injure innocent civilians.

24. The MP's breached this duty by deploying the barricade without warning on an innocent civilian which was lawfully residing on the base at the time of the incident.

25. The MP's breach of this duty caused the damages catalogued in paragraph 21 of this complaint.

**FEDERAL TORT CLAIMS ACT – 28 U.S.C. § 1346(B) NEGLIGENCE**

26. Plaintiff alleges the above facts the same as if set out herein.

27. The MP's acted within the scope of their employment under circumstances where Defendant United States of America, if it were a private person, would be liable to Plaintiff in accordance with the laws of Alabama and Mississippi.

28. Under Mississippi law, there are four elements of a negligence claim: "duty, breach of duty, causation between the breach of the duty and the injury, and actual damage."[2]

29. Alabama law also requires "a duty, a breach of that duty, causation, and damage."[3]

30. The agents of the Defendant owed a duty to Holly, breached that duty, and caused damages via the breach.

**WHEREFORE,** the Plaintiff, Eric Holly, demands judgment against the Defendant, United States of America, as follows:

   a. The sum of $300,000.00
   b. Costs of suit;
   c. Post-judgment interest; and
   d. Such other relief as the court may deem just and proper

/s/   Terrell McCants
Terrell E. McCants
ASB-2299-L68M (MCC176)
Attorney for the Plaintiff

---

[2] Bullard v. Guardian Life Ins. Co of Am., 941 So. 2d 812, 815 (Miss. 2006).
[3] Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So. 2d 665, 679 (Ala. 2001)

                        Civil Rights Law Group, LLC
                        1401 Doug Baker Blvd.
                         Suite 107 593
                        Birmingham, AL 35242
                        Ph: (205) 771-4999
           Email: tmccants@thecivilrightslawgroup.com