UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC HOLLY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:22-cv-01117-ACA |
| } | |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Eric Holly lived at the Fisher House—a lodging facility for veterans and their families—on Keesler Air Force Base in Biloxi, Mississippi while receiving treatment at a nearby hospital. One evening, Mr. Holly returned to the base and was informed by military police that he no longer had clearance to be on base and would need an escort to retrieve his personal belongings. Believing his escort arrived and he had permission to enter, Mr. Holly drove further on the base until gate officers deployed retractable barriers to prevent Mr. Holly from going farther. Mr. Holly's car collided with the barriers, injuring him. He filed this lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, alleging that the United State is liable for the negligence of the gate officers for deploying the barricades and injuring him. (Doc. 1).

Currently before the court is the United States's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), or motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (Doc. 7). The United States argues that the court lacks subject matter jurisdiction because Mr. Holly's claim is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). (*Id.* at 1– 2, 5–10).

Based on the facts alleged in Mr. Holly's complaint, the discretionary function exception applies to the officers' decision to deploy the barricades. Therefore, the court **WILL GRANT** the United States's motion and **WILL DISMISS** this case **WITHOUT PREJUDICE** for lack of jurisdiction.

## I.   BACKGROUND

There are two forms of attacks on subject matter jurisdiction under Rule 12(b)(1): facial or factual. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). When a party makes a facial attack, the court considers "whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and the court accepts as true the "allegations in his complaint . . . for the purposes of the motion." *Id.* (quotation marks omitted). When a party makes a factual attack, the court is not bound by the allegations in the complaint and may consider "matters outside the pleadings, such as testimony and affidavits." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (quotation marks omitted).

Although the United States moves both to dismiss and for summary judgment and has submitted evidence in support of its motion (*see* doc. 7-1), the court need not and does not consider that evidence. Instead, the court construes the United States's motion as a facial challenge to the court's subject matter jurisdiction under Rule 12(b)(1), and therefore, the court accepts the allegations in Mr. Holly's complaint as true. Because the court is not considering extrinsic evidence and because the court accepts as true Mr. Holly's version of the facts, Mr. Holly is not entitled to discovery or a hearing. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (discovery is "not necessary" when the court considers a facial attack on subject matter jurisdiction and does "not decide any issues of disputed fact"); *see also Williamson v. Tucker*, 645 F.2d 404, 414 (11th Cir. 1981)[1] (in deciding a factual attack on subject matter jurisdiction, the court "must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss").

According to the complaint, Mr. Holly is a Vietnam veteran who was temporarily residing at the Fisher House so that he could conveniently access a hospital nearby for medical appointments. (Doc. 1 at 3 ¶ 8–9). When he returned to Kessler one evening, a security officer told him he did not have clearance to re-enter.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

(*Id.* at 4 ¶ 11). Mr. Holly told the officer that he was authorized to stay on the base and that he had medications and other personal belongings in his room at the Fisher House. (*Id.* at 4 ¶¶ 12–13). The officer told Mr. Holly that he could retrieve his belongings from the Fisher House with an escort, but that he could no longer stay on the base. (*Id.* at 4 ¶ 14).

Mr. Holly waited about thirty minutes for the escort to arrive. (Doc. 1 at 4 ¶¶ 15–16). When someone told Mr. Holly the escort had arrived, he got in his car and drove onto the base. (*Id.* at 4 ¶ 17). Mr. Holly drove a short distance toward the Fisher House when officers deployed a barricade. (*Id.* at 5 ¶¶18–19). Mr. Holly's car struck the barricade, causing him serious injuries. (Doc. 1 at 5 ¶¶ 18, 21).

## II.   DISCUSSION

Mr. Holly's complaint asserts one count of negligence, seeking to hold the United States responsible for the actions of the officers who deployed the barricades. (Doc. 1 at 5–6). The United States moves to dismiss this action or for summary judgment, arguing that the discretionary function exception to the FTCA bars Mr. Holly's negligence claim. (Doc. 7).

Generally, the FTCA "waives the United States government's sovereign immunity from suit in federal courts for the negligent actions of its employees." *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997). This waiver is subject to a number of exceptions. 28 U.S.C. § 2680. Relevant here, the discretionary

function exception exempts from the FTCA's waiver of sovereign immunity "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" 28 U.S.C. § 2680(a).

The court applies a two-part test to determine "whether a government employee's action or omission falls within the discretionary function exception." *Ochran*, 117 F.3d at 499. First, the court "consider[s] the nature of the conduct and determine[s] whether it involves 'an element of judgment or choice.'" *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *Id.* (quotation marks omitted).

Mr. Holly's complaint does not allege there is a federal statute, regulation, or policy specifically prescribing a particular course of action for officers to follow at Kessler Air Force Base when deploying retractable barriers at base gates. Therefore, the court finds that the decision to deploy barriers to prohibit entry onto the base is discretionary. *See Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1158 (11th Cir. 2020) (on a facial attack under Rule 12(b)(1), finding "there was at least some

5

element of judgment or choice at play" in the government official's conduct because the plaintiffs had not identified "any federal statute, regulation, or policy specifically prescribing a course of action" that the officials were to follow) (quotation marks and alteration omitted); *Autery v. United States*, 992 F.2d 1523, 1529 (11th Cir. 1993) ("Only if a federal statute, regulation, or policy specifically prescribes a course of action embodying a *fixed or readily ascertainable standard*, will a government employee's conduct not fall within the discretionary function exception.") (cleaned up; emphasis in original).

Because the government employees' actions involved judgment or choice, the next question is whether the judgment or choice "is grounded in considerations of public policy," *Ochran*, 117 F.3d at 499, because "the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," *Gaubert*, 499 U.S. at 323 (quotation marks omitted). To answer this question, the court does "not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *Ochran*, 117 F.3d at 500. Instead, the court considers "the nature of the actions taken and . . . whether they are susceptible to policy analysis." *Id.* (quotation marks omitted).

Mr. Holly has not argued or shown that the officers' decision to deploy the barriers is not grounded in considerations of public policy. (*See generally* doc. 12). Although the Eleventh Circuit has not addressed this issue in a published decision, in *Rutherford v. United States*, 760 F. App'x 787, 792 (11th Cir. 2019), the Court found the decision by an army garrison gate guard to deploy retractable barriers to prevent unauthorized access to the base "was grounded in the public policy of ensuring the safety and security of the base." *Rutherford* is persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022). Accordingly, the court finds that the officials' decision to deploy retractable barriers to prevent Mr. Holly's entrance on Keesler Airforce Base involved discretion grounded in public policy considerations involving safety and security of a military base.

Mr. Holly's only substantive argument is that disputed issues of fact about whether he posed a threat on the base preclude resolution of the United States's motion at this stage. (Doc. 12 at 16–17). The court disagrees. Whether the gate officers' decision to deploy the barricades falls within the discretionary function exception to the FTCA—thereby depriving the court of subject matter jurisdiction—is a legal question. *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998) ("Whether the United States is entitled to application of the discretionary function exception to the FTCA is a question of law. . . ."). The existence or non-existence of

a threat is irrelevant because the exception applies even if the discretion was abused. *Rutherford*, 760 F. App'x at 792 (citing 28 U.S.C. § 2680(a)); *see Autery*, 992 F.2d at 1528 ("The FTCA expressly provides that the exception applies to policy judgments, even to those constituting abuse of discretion.") (quotation marks omitted); *Hughes v. United States*, 110 F.3d 765, 767 n.1 (11th Cir. 1997) ("Our concern under the discretionary function exception is not whether the allegations of negligence are true; instead, our concern is whether the *nature of the conduct* involves judgment or choice and whether that judgment is of the kind that the exception was designed to protect.") (emphasis in original).

### III.   CONCLUSION

The court **WILL GRANT** the United States's motion (doc. 7) because the discretionary function exception to the FTCA bars Mr. Holly's action. The court **WILL DISMISS** this case for lack of subject matter jurisdiction.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 23, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE